IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 22-CR-1039 |
| | ) | |
| vs. | ) | |
| | ) | |
| CODI LYN DEMAIO, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S BRIEF IN SUPPORT OF DETENTION**

The government requests that the Court detain defendant pending sentencing. In this case, detention is mandatory under 18 U.S.C. § 3143 and defendant has not established exceptional reasons to justify her release.

**I.      Relevant Facts and Proceedings**

On February 23, 2023, a grand jury charged defendant in a Superseding Indictment of Conspiracy to Distribute a Controlled Substance Near a Protected Location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 860(a). (Docket 17, at 1.)  Defendant is currently on pretrial release. (Docket 35.)

On June 29, 2023, the United States notified the Court that it intended to seek detention at defendant's plea hearing, because detention is mandatory. On June 30, 2023, defendant filed a Notice, informing the Court that she intended to contest the mandatory detention, arguing that exceptional circumstances exist in

1

her case. (Docket 49.) Defendant's plea hearing is currently set for July 6, 2023, at 10 a.m. (Docket 46.)

## II. Argument

### A. Detention is Mandatory

Defendant's conviction is for an offense described in 18 U.S.C. § 3142(f)(1)(C), as she will plead guilty to a crime "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."

A person like defendant who is found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(C), and who is awaiting sentencing, must be detained unless:

> (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

Here, defendant should be detained under 18 U.S.C. § 3143(a)(2). Defendant is pleading guilty, so there is no substantial likelihood that a motion for acquittal or new trial will be granted. Furthermore, no attorney for the United States has recommended that a sentence of imprisonment not be imposed.

### B. No Exceptional Reasons Justify Release

A defendant subject to mandatory detention under 18 U.S.C. § 3143 may be released, but only if there are exceptional circumstances:

2

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).

Defendant does not meet the standard in 18 U.S.C. § 3145(c) because there are no exceptional circumstances. Exceptional circumstances are "clearly out of the ordinary, uncommon, or rare." *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007) (quoting *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004)). First, defendant argues that exceptional circumstances exist because she must continue to bond with her newborn child. (Docket 49, at ¶¶ 7–9.) But the Eighth Circuit has concluded that supporting a child is not exceptional within the meaning of the statute. In *United States v. Nickell*, 512 F. App'x 660 (8th Cir. 2013), the Court determined that it was not exceptional that a defendant was responsible for taking care of three young children. *Id.* at 661–62. Similarly, in *Larue*, the Court concluded that paying child support was not exceptional. 478 F.3d at 925–26. Caring for defendant's two children, including her newborn, is not exceptional.

Second, defendant notes that she has been on pretrial release without any violations (Docket 49, at ¶ 7), but compliance with pretrial release conditions is also not "exceptional." *See Larue*, 478 F.3d at 925; *see also United States v. Mahoney*, 627 F.3d 705, 706 (8th Cir. 2010) (concluding not exceptional that defendant "had 'done remarkably well on release.'").

3

While defendant's actions while on pretrial release are commendable, they are not extraordinary. The Court should order detention for defendant.

### III. Conclusion

WHEREFORE, the United States respectfully requests that the Court order detention for defendant.

Respectfully submitted,

TIMOTHY T. DUAX
United States Attorney

By: */s/ Devra T. Hake*

DEVRA HAKE
Special Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA 52401-2101
(319) 363-6333
(319) 363-1990 (fax)
Devra.Hake@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: /s/ MAM